# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **JOHN DOE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CASE NO. 5:19-cv-00991-HNJ |
| | ) |
| **NORTHROP GRUMMAN SYSTEMS** | ) |
| **CORPORATION** | ) |
| | ) |
| **Defendant.** | ) |

## FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, via pseudonym, in the above-styled action, files his First Amended Complaint against Northrop Grumman Systems Corporation, and states as follows:

### PARTIES

1. Plaintiff, John Doe, is above the age of nineteen (19) and is a resident of Madison County in the State of Alabama.

2. Defendant, Northrop Grumman Systems Corporation (henceforth "NGSC"), is a foreign corporation, doing business by registered agent in the State of Alabama, within the Northern District of Alabama.

## JURISDICTION AND VENUE

3. All of the events, transactions or occurrences which gave rise to Plaintiff's claims took place in this Judicial District. Therefore, venue is proper in this district and this division pursuant to 28 U.S.C. § 1391(b)(1).

4. Federal jurisdiction exists as this action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e - 2000e-17, the Civil Rights Act of 1991, 42 U.S.C. § 1983a, and Section 1 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1983, 42 U.S.C. §12101 *et seq*.

5. This Court maintains subject matter jurisdiction under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1343(a)(4).

## CONDITIONS PRECEDENT

6. Plaintiff has exhausted all administrative remedies, as mandated by 29 U.S.C. § 626(d)(1), by filing a Charge of Discrimination with the Equal Employment Opportunity Commission on November 9, 2018 alleging discrimination by Defendants, a copy of which is attached hereto as Exhibit A and its terms incorporated by reference as if fully set out herein.

7. The Equal Employment Opportunity Commission issued Plaintiff a Right to Sue Letter, dated April 3, 2019, a copy of which is attached hereto as Exhibit B and its terms incorporated by reference as if fully set out herein.

8. Plaintiff has satisfied all conditions precedent to the filing of the instant Complaint.

## FACTS

9. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 8 as if fully set out.

10. Plaintiff, John Doe is a formerly-transitioning transgender individual.

11. In or around 2014, Plaintiff was diagnosed with gender dysphoria.

12. Plaintiff subsequently began his gender transition in March 2016, while he was on active duty in the U.S. Army. He began undergoing hormone replacement therapy (henceforth "HRT") as part of his transgender medical transition.

13. The U.S. Army assured Plaintiff that his transition would not pose any obstacle to his potential deployment in foreign countries.

14. Even after his transition began, Plaintiff was a high-performing and well-respected member of his Army unit.

15. After a distinguished military career resulting in honorable discharge from the Army, Plaintiff began looking for private-sector employment and chose NGSC. He began employment on January 8, 2018 as a Field Engineer for Air Defense Airspace Management Systems.

16. One of the reasons Plaintiff made the choice to go forward with employment at NGSC was their diversity policy which states, in part:

> *Northrop Grumman is committed to hiring and retaining a diverse workforce. We are proud to be an Equal Opportunity / Affirmative Action Employer, making decisions without regard to race, color, religion, creed, sex, sexual orientation, gender identity, marital status, national origin, age, veteran status, disability or any other protected class.*

17. In or around his second week of employment, Plaintiff became aware that a number of his co-workers were beginning to notice changes in his appearance and demeanor as a result of his HRT.

18. As a result, Plaintiff spoke with his manager, Tim Cannon, regarding his transition, who assured Plaintiff that he would work with him to ensure that his transition would not pose any impediment to his job duties

19. Contemporaneously, Plaintiff discussed his transition with the Human Resources Department at NGSC, who went to great lengths in order to assuage his concerns and assure him that neither his transitional state, his sexuality, nor his characteristics would be considered in employment decisions.

20. Plaintiff wishes this had proved to be true.

21. In or around March 2018, Brian Walker became Plaintiff's new manager.

22. Plaintiff shared his prior conversations with Mr. Cannon and the HR Department with Walker.

23. However, Walker took a much more intransigent approach than did his predecessor regarding Plaintiff's transition, his sexuality, and his developing female characteristics.

24. Walker told Plaintiff that, even if he met all the medical requirements and military requirements necessary to be deployed, he would still not allow Plaintiff to deploy in a foreign position, as he remained concerned that something might happen to Plaintiff because of his rapidly-developing female characteristics, his sexual preference (although they had not discussed same), and/or his transitioning.

25. Walker's "solution" was to deny Plaintiff's request for the opportunity to deploy to a foreign position.

26. Walker then sought Plaintiff's transfer to a different department.

27. Walker undertook efforts to hinder Plaintiff's ability to deploy, derail his career and seek his transfer because of Plaintiff's female sexual characteristics and/or his transitional state.

28. Once Walker made the decision to essentially end his engineering career, Plaintiff contacted the HR Department to complain about Walker's discriminatory actions.

29. A few weeks later, the HR Department informed Plaintiff that he would be laid off in two weeks as deployment was a requirement of the job he was performing.

30. The emotional distress of learning this led Plaintiff to attempt suicide, unsuccessfully, the same evening and he was hospitalized for a week as a result.

31. Plaintiff was discriminated against and terminated in violation of Title VII of the Civil Rights Act (1964), as amended, and the Americans with Disabilities Act based on certain female characteristics he had developed as a result of taking HRT and/or his diagnosis of gender dysphoria.

32. Plaintiff stopped transitioning after his abrupt ouster from NGSC due to monetary constraints and the deep depression which resulted from its actions. He plans on resuming said transition at some point in the near future.

## CAUSES OF ACTION

### Count I

### Sexual Discrimination under Title VII

33. Plaintiff realleges and incorporates by reference, paragraphs 1 through 32 as if fully stated herein.

34. Plaintiff has been discriminated against by Defendant, NGSC, because of the perceived stereotypes regarding the female gender and subjected to both a subjectively and objectively hostile work environment, and to less-favorable working conditions including remuneration as a result.

35. The above-discussed sex discrimination violated Title VII of the Civil Rights Act (1964), as amended.

## Count II

## Retaliation under Title VII

36. Plaintiff realleges and incorporates by reference, paragraphs 1 through 32 as if fully stated herein.

37. Defendant NGSC retaliated against Plaintiff Doe based on his having voiced his opposition to NGSC's employment practices that Plaintiff believed, and believes, to be in violation of Title VII of the Civil Rights Act (1964), as amended.

38. Defendant NGSC subjected Plaintiff to unequal treatment regarding the terms, conditions and privileges of his employment for complaining of gender-stereotyping-based discrimination. The retaliation was done willfully and with malicious and reckless disregard for the rights of Plaintiff.

39. As a proximate result of the Defendant NGSC's wrongful conduct, Plaintiff has been injured and damaged as follows: he has suffered extreme mental and emotional distress, pain and suffering, lost wages and benefits.

## Count III

## Discrimination Under the Americans with Disabilities Act

40. Plaintiff realleges and incorporates by reference, paragraphs 1 through 32 as if fully stated herein.

41. Plaintiff was and is ready willing and able to perform all job functions of a Field Engineer for Air Defense Airspace Management Systems.

42. Defendant NGSC discriminated against Plaintiff, John Doe, in that he was subjected to negative and unequal treatment based solely on NGSC's perception that his underlying gender dysphoria and his ongoing transgender transition were disabilities that would keep him from performing an essential function of his job – deploying overseas.

43. This discrimination violated the Americans with Disabilities Act (42 U.S. Code § 12102 (1)(C) & (3)).

44. As a proximate result of the Defendant NGSC's wrongful and discriminatory conduct, Plaintiff has been injured and damaged in that he has suffered extreme mental and emotional distress, pain and suffering, lost wages and benefits.

## PRAYER FOR RELIEF

Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, pain, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as a direct result of Defendant's violation of Title VII of the Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act.

Plaintiff has and will continue in the future to suffer pecuniary losses as a direct result of Defendant's violation of Title VII of the Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act.

WHEREFORE, Plaintiff prays that this Court:

a. Declare the conduct engaged in by the Defendant NGSC to be in violation of the Plaintiff's rights;

b. Enjoin the Defendant NGSC from engaging in such conduct;

c. Award the Plaintiff compensatory and punitive damages, including back pay, in an amount to be determined by this Court;

d. Award the Plaintiff costs, interest, and attorneys' fees; and

e. Grant such further and other, different and relief, including equitable, as this Court deems just and proper.

Dated this, the 25th day of July, 2019.

*/s/ Eric J. Artrip*
Eric J. Artrip (ASB-9673-I68E)
MASTANDO & ARTRIP, LLC
*Attorney for Plaintiff, John Doe*
301 Washington Street, Suite 302
Huntsville, Alabama 35801
Phone:   (256) 532-2222
Fax:       (256) 513-7489
artrip@mastandoartrip.com


**DEFENDANTS TO BE SERVED AT THE FOLLOWING ADDRESS:**

Northrop Grumman Systems Corporation,
(c/o CT Corporation System, Registered Agent)
2 North Jackson Street, Suite 605,
Montgomery, AL 36104.